FILED - USDC -NH
2026 FEB 11 PM 2:37

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

SUSHMA ANAND AKOJU,
      Plaintiff,

v.                CASE NO. _____

UNIVERSITY OF NEW HAMPSHIRE;
DOVEV LEVINE, in his official capacity;
JEREMY HOMOLKA, in his official capacity,
        Defendants.

# COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Sushma Anand Akoju, appearing pro se, brings this emergency action
to prevent retaliation and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and
28 U.S.C. § 1343 (civil rights).

2. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a)
(retaliation), and the Fourteenth Amendment (procedural due process).

3. Venue is proper under 28 U.S.C. § 1391(b). All events occurred in this District.

## PARTIES

4. Plaintiff is a PhD student in Computer Science at UNH and an F-1 visa holder
residing in Durham, New Hampshire.

5. Defendant University of New Hampshire is a public university located in Durham,

New Hampshire.

6. Defendant Dovev Levine is Assistant Dean for Graduate Student Affairs at UNH, sued in his official capacity.

7. Defendant Jeremy Homolka is Assistant Director of Housing at UNH, sued in his official capacity.

8. At all relevant times, Plaintiff was a documented crime victim and, in accordance with University policy, disclosed her victim status to the Dean of Students and UNH Housing in formal meetings and communications. These individuals and offices are designated mandatory reporters under University policy, and Plaintiff made these disclosures with the understanding that the information would be used to ensure her safety and access to support, not to harm her education, housing, or immigration status.

## STATEMENT OF FACTS

8. On December 18, 2025, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission regarding employment discrimination experienced during Summer 2025 employment with UNH Housing. The EEOC investigation is pending.

9. Immediately following this protected activity, Defendants engaged in coordinated retaliatory actions:

  a. January 10, 2026: Defendants billed $4,584 housing charge, due February 1, but failed to inform Plaintiff until February 6 (five days after deadline).

  b. December 17, 2025: UNH email stated balance was $10,211.27 with no mention of housing charges.

  c. January 22, 2026: Housing email required "registration by February 6" with no mention of payment requirements.

  d. February 6, 2026: Plaintiff paid $10,129 in good faith, exhausting all financial resources.

  e. February 6, 2026: Immediately after payment, Plaintiff was informed payment was insufficient and enrollment would be denied regardless.

  f. February 9, 2026: Graduate status discontinued without prior notice or hearing.

g. February 9, 2026: 72-hour eviction notice issued (vacate by Feb 13, 12:00 PM).

h. February 10, 2026: Dean Levine stated reinstatement would not be approved even if financial balance resolved.

i. February 13, 2026, 5:00 PM: SEVIS termination scheduled, requiring immediate departure from United States.

10. The temporal proximity between Plaintiff's December 18 EEOC filing and these coordinated adverse actions establishes prima facie retaliation.

11. Even if Plaintiff could have borrowed the additional $4,583 from family/friends, Dean Levine explicitly stated on February 10, 2026 that reinstatement to the graduate program would be denied regardless of financial resolution, citing "no progress," despite Plaintiff's AAAI 2026 acceptance and MOVE Fellowship selection. This demonstrates the financial pretext for retaliation following the EEOC charge.

12. Defendants' stated justifications are pretextual. Plaintiff was accepted to AAAI 2026 Bridge Program (demonstrating academic progress) and sought reasonable accommodations in November 2025 (unanswered by CS Department).

13. Plaintiff is a documented victim of crime. See sealed therapy notes filed under separate cover establishing victim status and court-ordered protective directives. Plaintiff requests these materials remain under seal to protect privacy and safety.

14. Plaintiff faces irreparable harm, including imminent deportation within 48 hours, disruption of her pending EEOC investigation, loss of critical educational and professional opportunities, and housing instability as a documented crime victim, jeopardizing the personal and professional life she has painstakingly built in academic and educational settings since 2014.

15. Plaintiff exhausted all financial resources ($10,129 payment) and received no due process before deprivation of property (student status) and liberty (ability to remain in the U.S.) interests.

16. After Plaintiff disclosed her crime-victim status to the Dean of Students and UNH Housing, and after she filed an EEOC charge alleging discrimination and retaliation, Defendants began to take adverse actions against her, including actions affecting her student status, housing, and F-1/SEVIS record. The timing and nature of these actions have caused Plaintiff to experience a profound loss of trust in the very officials to whom she was required to report as a victim and to reasonably believe that she is being retaliated against for engaging in protected activity.

3

17. The EEOC investigation is ongoing and advised Plaintiff to seek immigration counsel regarding SEVIS risks, but given the 48-hour deadline and Plaintiff's inability to afford counsel, Plaintiff seeks emergency judicial relief.

18. Despite UNH's October 1, 2025 representation that it would cover costs impacted by the government shutdown and grants, Plaintiff requested emergency funds on October 19, 2025 due to no project placement in the confirmed MOVE Fellowship program. On January 8, 2026, Dean Levine denied emergency loans or funds. Exhibit 4 in IFP application.

## CLAIMS FOR RELIEF

COUNT I: TITLE VII RETALIATION (42 U.S.C. § 2000e-3(a))

19. Plaintiff engaged in protected activity by filing an EEOC charge on December 18, 2025.

20. Defendants subjected Plaintiff to materially adverse actions (termination, eviction, deportation).

21. Causal connection exists: temporal proximity and coordinated nature of actions immediately following EEOC filing.

22. Defendants' justifications are pretextual (contradicted by AAAI acceptance and unanswered accommodation requests).

23. Defendants, including those officials who received Plaintiff's crime-victim disclosures in their mandatory-reporter roles, retaliated against Plaintiff for filing an EEOC charge and for asserting her rights by taking adverse actions affecting her student status, housing, and immigration status.

COUNT II: PROCEDURAL DUE PROCESS VIOLATION (42 U.S.C. § 1983)

24. Plaintiff has property interest (paid tuition, enrolled student) and liberty interest (F-1 status).

25. Defendants deprived Plaintiff of these interests without notice, hearing, or opportunity to respond.

26. February 10 email denying reinstatement does not satisfy due process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION:
  1. Maintain SEVIS status (halt February 13 termination)
  2. Maintain housing through reasonable period while this case/EEOC are pending while I find my next stable options as a victim of crime
  3. Reinstate graduate status pending due process hearing as a final relief
  4. Prohibit further retaliation pending EEOC investigation

B. PERMANENT INJUNCTION providing same relief

C. DECLARATORY JUDGMENT that Defendants violated Title VII and Due Process Clause

D. COMPENSATORY AND PUNITIVE DAMAGES

E. ATTORNEYS' FEES AND COSTS under 42 U.S.C. § 1988

F. SUCH OTHER RELIEF as Court deems just

JURY DEMAND: Plaintiff demands trial by jury on all issues so triable.

DATED: February 11, 2026

Respectfully submitted,

/s/ Sushma Anand Akoju
Sushma Anand Akoju, Pro Se
Babcock Hall, UNH, Durham, NH 03824
[Phone] [Email]

646 - 266 - 5195
sushma.ananda13@gmail.com.