

# TRO MOTION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SUSHMA ANAND AKOJU,
    Plaintiff,

v.                        Civil Action No. _____

UNIVERSITY OF NEW HAMPSHIRE, et al.,
    Defendants.

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
EXPEDITED TREATMENT REQUESTED

Plaintiff Sushma Anand Akoju, pro se, respectfully moves for an emergency Temporary Restraining Order pursuant to Fed. R. Civ. P. 65 and states:

I. EMERGENCY NATURE

Plaintiff faces loss of housing and SEVIS/F-1 status on Friday, February 13, 2026. Defendants have scheduled Plaintiff's eviction from university housing for 12:00 p.m. and termination of SEVIS status for 5:00 p.m. the same day. This constitutes imminent, irreparable harm requiring immediate relief.

II. STANDARD

A Temporary Restraining Order requires: (1) irreparable harm, (2) likelihood of success on the merits, (3) a balance of harms favoring the movant, and (4) that the public interest supports relief.

III. IRREPARABLE HARM

1. Deportation and loss of lawful F-1 status cannot be remedied by monetary damages.
2. Removal from the United States will disrupt Plaintiff's pending EEOC investigation, in which Plaintiff is the complainant.
3. Plaintiff will lose her ability to continue her PhD studies and attend the AAAI 2026 program.
4. Plaintiff is a documented crime victim; sudden eviction and forced departure will create a housing and safety crisis while she is under court-ordered protections.

5. The very short timeframe (hours) before eviction and SEVIS termination prevents Plaintiff from securing alternative remedies.

6. Plaintiff reported her status as a documented crime victim to the Dean of Students and UNH Housing in a formal setting, consistent with UNH policy requiring students to disclose such information to these offices, which serve as mandatory reporters. Shortly after Plaintiff complied with these reporting obligations and filed an EEOC charge of discrimination and retaliation, Defendants began taking adverse actions affecting her student status, housing, and immigration status, causing a severe loss of trust and fear of further retaliation.

7. The same administrators and offices to whom Plaintiff disclosed her crime-victim status pursuant to UNH policy are now involved in adverse decisions affecting her SEVIS/F-1 status and housing, soon after Plaintiff filed an EEOC charge. This sequence of events has caused Plaintiff to reasonably fear that the confidential information she provided as a victim is being used against her in retaliation, exacerbating her trauma and supporting a finding of irreparable harm.

8. Plaintiff has no income and has already exhausted her own savings. Her family is currently paying approximately $550 per month toward personal loans they took out to cover her tuition in September 2025 and February 2026, but they cannot continue these payments indefinitely, which underscores Plaintiff's lack of any financial safety net and the severity of the harm she faces if deported or evicted. Both of Plaintiff's parents are over 70 years old, and until relocating to the University of New Hampshire, Plaintiff provided them with minimal financial support from her own income, further highlighting the hardship created by her current situation.

9. This financial and housing hardship has its roots in misconduct by individuals involved in the events that led to Plaintiff becoming a documented crime victim, and it has now, unfortunately, spread to additional officials at UNH who are taking adverse actions affecting her education, housing, and immigration status in retaliation for her EEOC charge.

IV. LIKELIHOOD OF SUCCESS ON THE MERITS (RETALIATION)

A. Plaintiff engaged in protected activity by filing an EEOC charge of discrimination against UNH Housing on December 18, 2025.

B. Defendants have taken adverse actions against Plaintiff, including:
   - Discontinuing Plaintiff's graduate status;
   - Issuing an eviction deadline of February 13, 2026 at 12:00 p.m.; and
   - Scheduling SEVIS/F-1 termination for February 13, 2026 at 5:00 p.m.

C. The temporal proximity between the EEOC charge and these coordinated actions, and the scheduling of both eviction and SEVIS termination on the same day before the EEOC investigation concludes, strongly support an inference that Defendants are retaliating for Plaintiff's EEOC filing.

V. BALANCE OF HARMS

Plaintiff will suffer deportation, loss of education, disruption of a federal civil-rights investigation, and loss of housing and safety. By contrast, Defendants face only the temporary administrative burden of maintaining the status quo (continuing Plaintiff's housing and SEVIS reporting) while this Court and the EEOC address the issues. The balance of harms strongly favors Plaintiff.

## VI. PUBLIC INTEREST

The public interest is served by:
- Protecting EEOC complainants from retaliation;
- Allowing federal civil-rights enforcement to proceed without interference;
- Treating crime victims with dignity and ensuring they have safe, stable housing while cooperating with legal processes.

## VII. RULE 65(b) CERTIFICATION

Plaintiff certifies that:
1. Immediate and irreparable injury will occur before Defendants can be heard in opposition if the TRO is not granted.
2. Plaintiff has attempted in good faith to resolve matters internally but now faces coordinated actions resulting in imminent eviction and SEVIS termination.
3. Defendants will receive notice of this filing and Plaintiff will promptly serve them with the complaint and this motion.

## VIII. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Order Defendants to maintain Plaintiff's SEVIS/F-1 status and not terminate it on February 13, 2026, or at any time before the Court can hold a preliminary-injunction hearing and while Plaintiff's EEOC charge is pending;

2. Order Defendants to maintain Plaintiff's current university housing and not enforce the February 13, 2026 at 12:00 p.m. move-out deadline, allowing Plaintiff to remain in housing for a reasonable period while this case and the EEOC investigation are pending and while Plaintiff, as a crime victim, secures safe, stable alternative housing;

3. Prohibit Defendants from taking any further adverse action against Plaintiff in retaliation for her EEOC charge; and

4. Schedule an expedited hearing on Plaintiff's request for a preliminary injunction.

ADDITIONAL SAFETY/RELIEF REQUEST

Given Plaintiff's status as a documented crime victim and the sensitive nature of prior forced disclosures of intimate medical information, Plaintiff respectfully requests that, to the extent the Court deems ongoing communication with UNH necessary, such communication be conducted through counsel (if obtained) or written correspondence rather than frequent in-person reporting, subject to the Court's discretion.

Plaintiff respectfully requests the Court's patience and understanding regarding any typographical or formatting errors in this pro se filing, which was prepared with assistance from an AI drafting tool and based on Plaintiff's own documentation and academic background in forensic science and criminal justice. Plaintiff further requests protection against any effort by UNH personnel or counsel to misuse her pro se status or minor mistakes to undermine the merits of her request for a Temporary Restraining Order and related relief.

Dated: February 11, 2026

_____
Sushma Anand Akoju, Pro Se
Babcock Hall
University of New Hampshire
Durham, NH 03824
646-266-5195
sushma.ananda13@gmail.com

11